RENDERED: JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1333-MR

STEVEN HUGHES      APPELLANT

v.      APPEAL FROM KENTON CIRCUIT COURT
HONORABLE MARY K. MOLLOY, JUDGE
ACTION NO. 22-CI-01220

KENTON COUNTY DETENTION
CENTER AND MARC FIELDS      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

CETRULO, JUDGE: Appellant Steven Hughes ("Hughes"), *pro se*, appeals a
Kenton Circuit Court order dismissing his complaint that sought reimbursement of
jail fees charged during his incarceration by the Appellees, Kenton County
Detention Center ("KCDC") and Jailer Mark Fields ("Jailer Fields"). For reasons
set forth below, we affirm.

In 2023, Hughes sought reimbursement of more than $3,000 deducted from his jail canteen fund during various stays at KCDC from 2010 to 2021. In his complaint, Hughes asserted that while he was incarcerated, he was wrongfully assessed jail fees. He asserted violations of Kentucky Revised Statute ("KRS") 441.265, KRS 532.358, and his due process rights under both the United States Constitution and Kentucky Constitution. Hughes also challenged the constitutionality of KRS 441.265. Jailer Fields filed an answer to his complaint and in Hughes's response, he repeated his assertions that the KCDC violated both his state and federal constitutional rights. Jailer Fields then moved to dismiss the complaint arguing that 1) Hughes failed to exhaust his administrative remedies; 2) he failed to properly notify the Commonwealth's Attorney General of his constitutional challenges; and 3) KCDC was permitted to charge and collect fees under the current KRS 441.265 *and* the prior version of that statute. In July 2023, the circuit court dismissed Hughes's complaint because he failed to notify the Attorney General of his constitutional challenge as required by KRS 418.075 and because he failed to exhaust administrative remedies.

As this ruling is only a question of law, our review is *de novo*. *See Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 584-85 (Ky. 2021) (citation omitted).

On appeal, Hughes first asserts he never intended to challenge the constitutionality of a statute so as to require notification to the Attorney General. Yet, despite his assertions on appeal, Hughes has repeatedly made constitutional challenges. In fact, his pleadings below (both complaint and response) clearly set forth such contentions, and he repeats those assertions on appeal. The record does not demonstrate that either the complaint or the notice of appeal was served on the Attorney General. KRS 418.075 requires notice be given to the Attorney General of any constitutional challenge to a statute. Compliance with KRS 418.075 is mandatory. *Evans v. Baptist Health Madisonville*, 643 S.W.3d 105, 108 (Ky. App. 2022) (citing *A.H. v. Louisville Metro Gov't*, 612 S.W.3d 902, 913 (Ky. 2020)). We have long demanded strict compliance with KRS 418.075 and its notice requirements. *See id.*; *see also Couch v. Commonwealth*, 686 S.W.3d 172, 179 (Ky. 2024) (citation omitted).

Even if Hughes's procedural defect did not exist, his appeal fails on substantive grounds. KRS 441.265 allows jails to seek reimbursement for expenses incurred by reason of a prisoner's confinement. Hughes challenges the constitutionality of the current and former (prior to 2022) versions of KRS 441.265, but this statute has withstood scrutiny time and again. *See Jones v. Commonwealth*, 385 S.W.3d 22, 33-34 (Ky. 2011); *see also Cole v. Warren Cnty.*, 495 S.W.3d 712, 714 (Ky. App. 2015).

Also, Hughes argues that a fee-specific order is required before those jail fees may be collected, but KRS 441.265 does not include language mandating a court order prior to collecting those fees. Further, as made clear by 2015 precedent, "[u]nder KRS 441.265, county jails are permitted to confiscate cash and checks belonging to prisoners at booking, deposit and retain those proceeds, and automatically deduct required fees *without an order of a sentencing court*." *Cole v. Warren Cnty.*, 495 S.W.3d at 714 (emphasis added).

Hughes argues the "order" language in KRS 532.358 has the effect of imposing an order requirement on KRS 441.265, but that is a misreading of the statutes. KRS 532.358 instructs prisoners who have completed their sentence to pay restitution and/or reimbursement for incarceration. True, KRS 532.358 allows a court to order such payments, but that statute does not impose an order requirement for jail fees collected pursuant to KRS 441.265.

Hughes asserts precedent supports his contention that a sentencing order is required before a jail may seek reimbursement, citing *Jones v. Clark County*, 635 S.W.3d 54 (Ky. 2021). Yet again, Hughes misreads our caselaw. In *Jones*, the prisoner was arrested, booked, housed at the jail, and fees were collected and continued to accumulate. *Id*. at 55-56. All criminal charges against the prisoner were then dismissed without prejudice, but he was not reimbursed for the jail fees nor were additional accumulated fees dismissed. *Id*. Our Supreme Court

ultimately held that while a jail may automatically deduct fees pursuant to KRS 441.265, those fees must be returned to the former prisoner if the prisoner was never convicted. *Id*. at 60. Yet here, Hughes's situation is factually distinct. Hughes *was* convicted and concedes that fact. Thus, no reimbursement is necessary.

For the foregoing reasons, the Kenton Circuit Court order dismissing Hughes's complaint is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven Hughes, *pro se*
Covington, Kentucky

BRIEF FOR APPELLEE:

Christopher S. Nordloh
Covington, Kentucky